**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CARROLL T. PERRIN,
Plaintiff-Appellant,

v.

PRESS WILLIAMS, Sheriff, York

No. 98-6746

County, individually and in his
official capacity; S. L. CASTELLAW,
Lieutenant, L.P.N., individually and
in her official capacity,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Jerome B. Friedman, District Judge.
(CA-97-109-4)

Submitted: December 15, 1998

Decided: December 31, 1998

Before HAMILTON, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas Marshall Wolf, Karen Lee Starke, MEZZULLO &
MCCANDLISH, P.C., Richmond, Virginia, for Appellant. Anton
Joseph Stelly, THOMPSON, SMITHERS, NEWMAN & WADE,
Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carroll Perrin appeals from the district court's order sustaining Defendant Williams' motion for judgment as a matter of law and from a jury verdict in favor of Defendant Castellaw on Perrin's 42 U.S.C.A. § 1983 (West Supp. 1998) and medical malpractice action. Perrin's claims stem from a period in 1995 in which he was a pre-trial detainee at the York County Jail. During this time, Williams was the Sheriff of York County and Castellaw was the Jail Administrator. Perrin claims that the defendants violated his Fourth and Fourteenth Amendment rights because they were deliberately indifferent to his serious medical needs causing Perrin's permanent disability. Perrin is now a quadriplegic. Perrin's complaint also included a medical malpractice claim against Castellaw.

At trial, following the conclusion of Perrin's case in chief, Williams and Castellaw moved under Fed. R. Civ. P. 50(a) for judgment as a matter of law. The district court granted Williams' motion but denied Castellaw's. Perrin did not object to the ruling. A jury returned a verdict in favor of Castellaw on both the § 1983 and medical malpractice claims. Perrin filed a timely appeal.

In this case, we must decide whether the district court committed plain error by granting Williams' motion for judgment as a matter of law and whether the district court's admission of character evidence on behalf of Defendant Castellaw requires a new trial. Upon consideration of the issues presented by Perrin on appeal, we affirm.

Perrin contends that the district court erred in granting judgment as a matter of law in favor of Williams because the court failed to consider relevant evidence establishing that Williams knew about Perrin's serious medical condition and also had established a policy of reducing medical expenses that directly resulted in a violation of Per-

2

rin's constitutional rights. Because the record reflects that Perrin failed to properly preserve this issue for appeal by timely objecting to Williams' dismissal, we review only for plain error. See Brown v. McLean, ___ F.3d ___, 1998 WL 759082, *7, slip op. at 11 (4th Cir. Oct. 30, 1998) (No. 97-1509). Although Perrin contends that the district court did not consider all the relevant evidence in ruling on Williams' motion, a review of the additional evidence does not support Perrin's claim that there was sufficient evidence from which a jury could conclude that Williams was deliberately indifferent to Perrin's medical needs or that Williams established a policy or practice of reducing medical expenditures that directly caused Perrin's disability. Because Perrin has failed to establish error at all, plain or otherwise, we affirm the district court's grant of judgment as a matter of law to Williams.

Perrin also appeals from the jury verdict in favor of Castellaw, asserting that the district court improperly admitted character evidence offered on behalf of Castellaw in violation of the Federal Rules of Evidence. While character evidence is not generally admissible in a civil action, see Snead v. United States, 217 F.2d 912, 914-15 (4th Cir. 1954), any error in the district court's evidentiary rulings is subject to the harmless error test. See United States v. Morison, 844 F.2d 1057, 1078 (4th Cir. 1988). The appellant must establish that the judgment was substantially swayed by the error. See United States v. Heater, 63 F.3d 311, 325 (4th Cir. 1995). Our review of the record persuades us that we need not determine whether the district court's admission of character evidence was erroneous as it is highly unlikely that the challenged evidence affected the jury's verdict. Far more significant than character evidence was Perrin's failure to prove the core element of his claims.

The record contains substantial evidence, most of it submitted by Perrin, that Castellaw believed Perrin was faking his illness. Perrin did not, however, question the sincerity of Castellaw's belief. Since a prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (citation omitted), the evidence of Castellaw's repeated accusations, the sincerity of which was not challenged, that

3

Perrin was faking his illness in fact establish that Castellaw was not deliberately indifferent.

As for the medical malpractice claim, Perrin failed to prove Castellaw was acting as a medical provider while employed as a jail administrator. Since such evidence is a necessary predicate to a medical malpractice claim, we need not consider whether the admission of favorable character evidence on Castellaw's behalf was erroneous.

For these reasons, we affirm the district court's order entering judgment in favor of Williams and the jury's verdict in favor of Castellaw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED